*Lane, C. J.
As the plaintiff holds the right of William [41 *42 Barton, the grandson, if he inherited any from his father, it becomes necessary first to consider what estate was transmitted to the sons by the will. It gives the land to his sons, or the survivors and their heirs, to be divided when the youngest attains twenty-one. By this phraseology, did the testator intend to create cross remainders among his four sons, so that those who were surviving when the youngest was of age should take the estate, or does the condition of survivorship relate to the death of the testator, and an estate in fee pass to those of his sons who were then living?
We can not hesitate to believe that the intention of the testator will bo better met by the last construction. For if the former prevailed, the children of his son William, who died before the youngest became of age, would be excluded from the inheritance, and all their father’s share of the estate pass to the brothers. And the contingency which has here happened is a good example of the value of the rule which the law applies to cases like this, that cross remainders are not to bo presumed between more than two devisees, unless required by the imperative terms of the will; that they are not to be raised by implication, except between two only.
By the operation of this rule, the estate became vested in those of his children who survived the testator, and at the death of such children was transmitted by descent, and not in remainder.
The effect of this interpretation is, that William Barton, the grandson, took one-half the share of his father, who held one-fourth the land under the will, and one-sixteenth as the heir of his uncle Gilbert, which is now the property of the plaintiff, and is five thirty-seconds of the entire estate.
The same rule of construction gave to George Barton ten thirty-seconds, which is likewise held by the plaintiff, under a deed from him, unless George was divested of his title by the sale under the letters of attorney, given, in his minority, to his brother Joseph.
It is claimed by the plaintiff that these letters of attorney 42] *are void, incapable of ratification, and never well executed. We are then led to the oft discussed, and yet not settled question, as to what acts of an infant are void and what voidable. No accurate test has yet been propounded to determine this important point, and the authorities seem rather to decide individual cases than to give a comprehensive and intelligible rule. Yet in *43 all, and from, the earliest, we find it laid down, that deeds which, do not derive their efficacy from delivery only, are void; and it has been held in many cases, and, as far as 1 can learn, without a dissenting opinion, or a contradictory authority, that letters of attorney, conveying no present interest, are absolutely null.
It would be a bold act to attempt to withstand this body of precedent, and we can not but recognize it as destructive of that part of the defendant’s title.
It is therefore unnecessary to consider any further questions. The plaintiff is entitled to fifteen thirty-seconds of the land.
The defendant is to have the benefit of the law for the relief of occupants.
Motion granted.